REQUESTED BY: Senator John DeCamp Nebraska State Legislature 1116 State Capitol Lincoln, Nebraska 68509
Dear Senator DeCamp:
In your letter of November 29, 1983, you indicate a desire to sponsor legislation relating to members of the Legislature which would require that each member of the Legislature or each person elected to the Legislature prior to assuming that position file with the Clerk of the Legislature a disclosure statement specifically listing all assets and liabilities and business interests of the legislator and the legislator's next of kin.
You ask whether or not, in our opinion, such a proposal would pass constitutional scrutiny. A leading case in this area is the United States Supreme Court's decision inBuckley v. Valeo, 424 U.S. 1 (1976). In that case and in subsequent cases, the United States Supreme Court has upheld disclosure requirements, however, in doing so they have made it abundantly clear that participation in political activities is closely protected by the First Amendment to the United States Constitution and that significant encroachments on these First Amendment rights cannot be justified by a mere showing of some legitimate governmental interest, but have required the stated interest to survive exacting scrutiny.
Inasmuch as you are proposing rules of disclosure for members of the Legislature, we call to your attention the provisions of Article III, Section 10 of the Nebraska Constitution which states that the Legislature shall be the sole judge of the qualifications of its members and the provisions of Article III, Section 16 of the Nebraska Constitution which prohibits conflicts of interests by members of the Legislature and provides that the Legislature shall proscribe standards and definitions for determining whether or not conflicts of interest exist. It may be in light of these two specific state constitutional provisions that the Legislature itself can proscribe rules for its own members and persons seeking to be seated as members which might not be constitutionally permitted to be imposed upon persons seeking office generally.
With respect to the members' next of kin, we have reservations about the constitutional validity of requiring disclosure of persons not directly involved in the political process. By this we mean it is one thing to require a member to make a disclosure, even as to his knowledge of the financial affairs of his next of kin, and quite another to require disclosure under penalty of law of persons who, but for their blood or marital relationship to a member of the Legislature, are not directly involved in any way in the political process.
Generally speaking, therefore, we are of the opinion that the Legislature could fashion requirements to be imposed upon its members and those seeking to become members, however, the constitutional validity of these requirements would ultimately depend to a large extent upon the adequacy of the declaration of the Legislature's intent, the specific language utilized, and the breadth of the requirements.
In conclusion, it is difficult for us to say with certainty without seeing the actual proposal whether or not the requirements selected would pass constitutional scrutiny, however, we do believe in a general sense that the Legislature could constitutionally require such a disclosure on the part of its members, if not, perhaps of the members' next of kin.
Sincerely, PAUL L. DOUGLAS Attorney General Terry R. Schaaf Assistant Attorney General